
IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

JAMIE FORD, §
 §
      Petitioner, §
 §
v. § No. 4:17-CV-078-A
 §
LORIE DAVIS, Director, §
Texas Department of Criminal §
Justice, Correctional §
Institutions Division, §
 §
      Respondent. §

**MEMORANDUM OPINION**
**and**
**ORDER**

This is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by petitioner, Jamie Ford, a state prisoner incarcerated in the Correctional Institutions Division of the Texas Department of Criminal Justice (TDCJ), against Lorie Davis, director of TDCJ, respondent. After having considered the pleadings, state court records, and relief sought by petitioner, the court has concluded that the petition should be denied.

**I. PROCEDURAL HISTORY**

Petitioner was charged in Parker County, Texas, Case No. CR12-0559, with continuous sexual abuse of R.F., a child younger than 14 years of age. (Clerk's R. 4, doc. 12-20.) Following a jury trial, the jury found him guilty and assessed his punishment at 37 years' imprisonment. (Id. at 5.) Petitioner appealed his conviction, but the Second District Court of Appeals of Texas affirmed the trial court's judgment and the Texas Court of

Criminal Appeals refused his petition for discretionary review. (Docket Sheet 1-2, doc. 12-5.) Petitioner also filed a state habeas-corpus application challenging his conviction, which was denied by the Texas Court of Criminal Appeals without written order. (SHR "Action Taken, doc. 12-1.[1]) This federal petition followed.

The state appellate court summarized the facts of the case as follows:

> [R.F.] told her older friend a "secret," alleging that her biological father, [petitioner], would say he was cleaning her or checking her for "bumps and bruises," but [R.F.], rather than describing what would be considered appropriate adult touching, went on to describe what appeared to be sexual acts. [R.F.] also told her friend not to tell anyone because she feared growing up without a dad, but the friend told her own parents, who went across the street and told [R.F.]'s mother. When Mother asked [R.F.] about what she had told her friend, [R.F.] told Mother and the friend's parents that [petitioner] had been sexually assaulting her for years. Later, the State indicted [petitioner] for the continuous sexual abuse of a child.
>
> At trial, [R.F.], ten years old at the time, testified that throughout her first through third grades in elementary school, [petitioner] would have her undress in his bedroom and lay on the bed. Sometimes he would cover her face and touch her sexual organ with his hand. Other alleged acts included numerous incidents of fondling and digital penetration and at least one allegation of penetration of her mouth with his penis.
>
> One of the Fords' neighbors testified that he was reluctant to believe allegations made against [petitioner] until he witnessed [R.F.]'s outcry and

---

[1] "SHR" refers to the record of petitioner' state habeas proceeding in WR-85,565-01.

> asked [R.F.] if her dad was touching her. He then
> believed her. . . .
>
> The State also introduced the testimony of Rebecca
> Sullivan, the sexual assault nurse examiner who had
> performed a sexual assault exam on [R.F.] shortly after
> [R.F.]'s outcry. Sullivan said that she performed a
> detailed sexual history interview and exam of [R.F]. . .
> . .

(Mem. Op. 2-4, doc. 12-6.)

## II. ISSUES

Petitioner's claims for relief are not clearly delineated, however they fall within the following general categories: (A) violations of the rights that exist under 5th and 14th Amendments; violations of the rights that exist under the Sixth Amendment; and actual innocence. (Pet. 6-7, doc. 1.)

## III. RULE 5 STATEMENT

Respondent believes that the petition is neither successive nor barred by the statute of limitations but that one or more of petitioner's claims are unexhausted and/or not cognizable on federal habeas review. (Resp't's Ans. 6, doc. 13.)

## IV. DISCUSSION

A § 2254 habeas petition is governed by the heightened standard of review provided for in the Anti-Terrorism and Effective Death Penalty Act (AEDPA). 28 U.S.C. § 2254. Under the Act, a writ of habeas corpus should be granted only if a state court arrives at a decision that is contrary to or an unreasonable application of clearly established federal law as

3

established by the United States Supreme Court or that is based on an unreasonable determination of the facts in light of the record before the state court. 28 U.S.C. § 2254(d)(1)-(2); *Harrington v. Richter,* 562 U.S. 86, 100 (2011). This standard is difficult to meet and "stops short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings." *Richter*, 562 U.S. at 102.

The statute further requires that federal courts give great deference to a state court's factual findings. *Hill v. Johnson,* 210 F.3d 481, 485 (5th Cir. 2000). Section 2254(e)(1) provides that a determination of a factual issue made by a state court shall be presumed to be correct. The presumption of correctness applies to both express and implied factual findings. *Young v. Dretke,* 356 F.3d 616, 629 (5th Cir. 2004); *Valdez v. Cockrell,* 274 F.3d 941, 948 n.11 (5th Cir. 2001). Absent express findings, a federal court may imply fact findings consistent with the state court's disposition. *Townsend v. Sain,* 372 U.S. 293, 314 (1963); *Pondexter v. Dretke,* 346 F.3d 142, 148 (5th Cir. 2003); *Catalan v. Cockrell,* 315 F.3d 491, 493 n.3 (5th Cir. 2002). Further, when the Texas Court of Criminal Appeals denies a federal claim in a state habeas-corpus application without written opinion, a federal court may presume "that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary" and applied the correct

4

"clearly established federal law" in making its decision. *Johnson v Williams,* 568 U.S. 289, 298 (2013); *Richter,* 562 U.S. at 99; *Schaetzle v. Cockrell,* 343 F.3d 440, 444 (5th Cir. 2004).

### 5th and 14th Amendment Violations

Under his first ground, petitioner claims he was denied a fair trial under the 5th and 14th Amendments because (a) the prosecutor and his trial counsel asked improper hypothetical commitment questions during voir dire "creating biased jurors" and (b) the trial court abused its discretion by allowing "improper methods calculated to violate due process of fairness." (Pet. 6, doc. 1.) With no elaboration whatsoever, petitioner cites the court to various pages in the reporter's record of the voir dire proceeding in support of these claims. (Pet. 6, doc. 1.) Having reviewed those pages, it appears he complains of the following questions in his first claim:

(1) PROSECUTION: Is there anybody on the panel, assuming that the state proved each and every element of the offense alleged beyond a reasonable doubt, who could not convict without additional medical evidence? (Reporter's R. 91-92, doc. 12-11.)

(2) TRIAL COUNSEL: Do you think it would be easy or hard to defend yourself against a false claim that you had inappropriately touched a young child? (Id. at 152.)

(3) TRIAL COUNSEL: Would you treat a child witness the same as an adult witness? (Id. at 184-85.)

(4) TRIAL COUNSEL: Has anybody ever showered their child, given them a bath? (Id. at 224-25.)

5

(5) TRIAL COUNSEL: In a case such as this, do you need to hear from the accused? (Id. at 229-30.)

(6) TRIAL COUNSEL: Could -- would you consider the minimum -- some set of circumstances that -- it's in your mind that you could consider the minimum? (Id. at 242.)

Under Texas law, a commitment question is one that commits a prospective juror to resolve, or to refrain from resolving, an issue a certain way after learning a particular fact. *See Standefer v. State*, 59 S.W.3d 177, 179 (Tex. Crim. App. 2001). Often a commitment question requires a "yes" or "no" answer, and the answer commits a juror to resolve an issue in a particular way. *Id.* Hypothetical questions may be asked during voir dire to determine the views of prospective jurors and help explain the law, but a commitment question is improper unless the facts included in the hypothetical are limited to those necessary to establish whether the prospective juror is subject to challenge for cause. *Id.* at 182. Petitioner fails to demonstrate a due-process violation as a result of the state courts' resolution of the claim. Thus, deferring to the presumptive correctness of the state habeas courts' implied findings that the questions were proper under state law, this claim necessarily fails. *See Valdez v. Cockrell*, 274 F.3d 941, 948 n.11 (5th Cir. 2001). *See also Creel v. Johnson*, 162 F.3d 385, 395 (5th Cir. 1998), *cert. denied*, 526 U.S. 1148 (1999) (a federal court defers to and accepts a state court's interpretation of its own law, unless

that interpretation violates the Constitution).

Petitioner also claims the trial court abused its discretion by allowing "improper methods calculated to violate due process of fairness." (Pet. 6, doc. 1.) With no further elaboration, Petitioner cites the court to page 171 of volume 5 of the reporter's record in support of this claim. Having reviewed that page it appears he challenges the trial court's ruling regarding the admissibility under article 38.072 (Hearsay Statement of Certain Abuse Victims) of the Texas Code of Criminal Procedure of R.F.'s statements detailing the abuse to the neighbor. (Reporter's R., vol. 5, 171, doc. 12-12.) This claim also raises a matter of state law. Article 38.072 allows into evidence a child-complainant's out-of-court statement so long as that statement is a description of the offense and is offered into evidence by the first adult the complainant told of the offense (a so-called "outcry"). See TEX. CODE CRIM. PROC. ANN. art. 38.072, §§ 2(a)(2)-(3) (West Supp. 2017). Such a statement "is not inadmissible because of the hearsay rule if . . . the trial court finds, in a hearing conducted outside the presence of the jury, that the statement is reliable based on the time, content, and circumstances of the statement; and the child . . . testifies or is available to testify at the proceeding in court or in any other manner provided by law." Id. §§ 2(b)(2)-(3). In this case, the trial court conducted the requisite hearing outside the

7

presence of the jury and determined that the neighbor's testimony "based on the time, content, and circumstances" of the outcry statement was reliable and admissible. (Reporter's R., vol. 5, 130-71, doc. 12-12.) Petitioner fails to demonstrate a due-process violation as a result of the state courts' resolution of the claim. Thus, deferring to the presumptive correctness of the state habeas courts' implied findings that the trial court's determination was proper under state law, this claim necessarily fails. *See Valdez*, 274 F.3d at 948 n.11. *See also Creel*, 162 F.3d at 395.

### *6th Amendment Violations*

Under his second ground for relief, petitioner claims he was denied effective assistance of counsel as guaranteed by the Sixth Amendment because his trial counsel (A) divulged his case during voir dire, thus creating juror bias, (B) failed to investigate the child's medical issues of "postula [sic] folliculitis," and (C) failed to obtain an independent medical expert to testify to "an alternative hypothesis to support a reasonable doubt." (Pet. 6, doc. 1.)

Under the Sixth Amendment, petitioner has a right to the effective assistance of counsel at trial. *See* U.S. CONST. amend. VI, XIV; *Evitts v. Lucey*, 469 U.S. 387, 393-95 (1985); *Strickland v. Washington*, 466 U.S. 668, 688 (1984). Under the familiar *Strickland* standard, to establish ineffective assistance of

8

counsel, he must show (1) that counsel's performance fell below an objective standard of reasonableness, and (2) that but for counsel's deficient performance the result of the proceeding would have been different. *Strickland*, 466 U.S. at 688. In applying this test, a court must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance. *Id.* at 668, 688-89. Judicial scrutiny of counsel's performance must be highly deferential and every effort must be made to eliminate the distorting effects of hindsight. *Id.* at 689.

Petitioner claims that counsel was ineffective by divulging his case during voir dire, thus creating juror bias. With no further elaboration, petitioner cites the court to various pages in volume 4 of the reporter's record involving counsel's questions to the venire panel as to whether a younger child is capable of making up or lying about being sexually abused; whether you have ever showered or bathed with your child; and whether you would require the defendant to testify in a case such as this? (Reporter's R., vol. 4, 223-229, doc. 12-11.) Deferring to the state court's implied findings that the questions were proper under state law, petitioner cannot establish deficient performance. Thus, the state courts' rejection of this claim comports with *Strickland*.

Petitioner also claims counsel failed to investigate the

child's medical condition of "postula [sic] folliculitis" and to obtain an independent medical expert to testify to "an alternative hypothesis to support a reasonable doubt." (Pet. 6, doc. 1.) Petitioner's defense at trial was that he examined R.F. for "bumps and bruises" for hygienic purposes. The SANE testified that an examination of the child's genitals revealed some irritation, redness, and areas of folliculitis." (Reporter's R., vol. 5, 265-66, doc. 12-12.) Thus, the matter was mentioned at trial and counsel, even if unaware of the condition before trial, was able to use that information in favor of the defensive strategy. Petitioner demonstrates no prejudice, thus the state courts' rejection of this claim comports with *Strickland*.

Finally, complaints based upon uncalled witnesses are not favored in federal habeas review because "speculations as to what these witnesses would have testified is too uncertain." *Evans v. Cockrell*, 285 F.3d 370, 377 (5th Cir. 2002); *Alexander v. McCotter*, 775 F.2d 595, 602 (5th Cir. 1985). Therefore, to show the prejudice required to support an ineffective-assistance claim premised on the failure to call a witness, a petitioner must show that the witness was available and would in fact have testified at trial in a manner beneficial to the defense. *Evans*, 285 F.2d at 377. This showing is required for claims regarding both uncalled lay and expert witnesses alike. *See Day v. Quarterman*, 566 F.3d 527, 538 (5th Cir. 2009). Petitioner, then and now,

fails to identify any expert witnesses or submit any affidavits or other evidence that they would have been willing to testify on his behalf and that their testimony would have been favorable. See *Sayre v. Anderson,* 238 F.3d 631, 636 (5th Cir. 2001) (complaint of uncalled witnesses failed where petitioner failed to present affidavits "or similar matter" from the missing witnesses suggesting what they would have testified to). Thus, his ineffective-assistance claim based on failure to call an independent expert witness is entirely speculative. Bald assertions are insufficient to support an ineffective-assistance-of-counsel claim. *Id.* at 636. Thus, the state courts' rejection of this claim comports with *Strickland.*

### Actual Innocence

Under his third and final ground, petitioner claims that he is actually innocent of the offense "absent rebuttal of ineffective counsel claim." (Pet 7, doc. 1.) A stand alone claim of "actual innocence" is itself not an independent ground for habeas-corpus relief. *Herrera v. Collins,* 506 U.S. 390, 400 (1993); *Foster v. Quarterman,* 466 F.3d 359, 367 (5th Cir. 2006); *Dowthitt v. Johnson,* 230 F.3d 733, 741-42 (5th Cir. 2000). The United States Supreme Court reaffirmed in *McQuiggin v. Perkins,* 569 U.S. 383, 392 (2013), that it has not resolved whether a prisoner may be entitled to habeas corpus relief based on a freestanding claim of actual innocence. Until that time, a stand-

alone claim of actual innocence is not cognizable on federal habeas review. *See Foster v. Quarterman,* 466 F.3d 359, 367 (5th Cir. 2006). Petitioner asserts that his "claims in part are not based on his innocence, but rather on his contention that the ineffectiveness of his counsel 'denied him the full panoply of protections afforded to criminal defendants by the constitution." (Attached Mem. 1, doc. 2.) Petitioner confuses two distinct concepts—actual innocence and ineffective assistance of counsel. Whether or not he received the effective assistance of counsel has no bearing on whether he is actually innocent.

For the reasons discussed herein,

The court ORDERS that petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be, and is hereby, denied. The court further ORDERS that a certificate of appealability be, and is hereby, denied, as petitioner has not made a substantial showing of the denial of a constitutional right.

SIGNED June \_\_\_\_15\_\_\_\_, 2018.

JOHN MCBRYDE
UNITED STATES DISTRICT JUDGE